CHRISTIAN *v.* SODERBERG.

1. TAX DEEDS—SETTING ASIDE—PARTIES.

The auditor general is not a necessary party to a bill to set aside a tax deed on the ground of fraud and collusion between the purchaser and the county treasurer.

2. SAME—FRAUDULENT SALE.

A tax deed is fraudulent and void as to a mortgagee of the premises, who purchased under foreclosure of his mortgage after the execution of the deed, where the mortgagor, in his capacity as county treasurer, fraudulently informed the mortgagee that there were no unpaid taxes on the land, and the grantee in the deed colluded with the mortgagor in the attempt to cut off the mortgagee's interest by a sale of the land for taxes.

Appeal from Muskegon; Russell, J. Submitted June 15, 1898. Decided July 18, 1898.

Bill by Antoine Christian against Sam A. Soderberg and Charles Backstrom to set aside a tax deed. From a decree dismissing the bill, complainant appeals. Reversed.

*James E. Sullivan,* for complainant.

*Jones & Kennedy,* for defendant Backstrom.

MOORE, J. Complainant filed a bill to set aside a tax title held by defendant Backstrom upon lands belonging to complainant, upon the ground of fraud and conspiracy between the two defendants. The circuit judge was of the opinion that the auditor general should have been a party to the suit, and for that reason dismissed the bill.

If the alleged fraud is established, we think the court erred in holding that the auditor general was a necessary party. This is not a proceeding to set aside a tax decree for want of jurisdiction, and the complainant in his bill offered to pay whatever taxes were unpaid.

The record shows that the defendant Soderberg, in 1890, was the owner of the land in question. In April of that year he borrowed $1,000 of complainant, and, to secure its payment in two years, he gave a mortgage upon the land. In the mortgage it was agreed he should pay the taxes. The interest on the mortgage was paid until April, 1894. After this date no interest was paid, and no part of the principal. Foreclosure proceedings were had, which resulted in a sale of the premises to Mr. Christian in February, 1897, after which he went into possession of the property, and was in the possession of it when this bill was filed.

Mr. Soderberg became county treasurer of Muskegon county January 1, 1893, and continued to be county treasurer for four years from that date. The record shows that complainant applied to the county treasurer at his office to learn whether the taxes assessed against these lands were paid, and was assured by Mr. Soderberg that they were paid. This inquiry was made by Mr. Christian, he intending, if they were not paid, to pay them. At the same time he did pay taxes upon other lands upon which he had mortgages. Mr. Soderberg understood Mr. Christian's object in making these inquiries. As a matter of fact, the taxes had not been paid by Mr. Soderberg, but he had allowed the land to be returned for nonpayment of the taxes. In December, 1896, as county treasurer, he sold them, for the taxes of 1892, 1893, and 1894, to the defendant Backstrom.

It does not require any citation of authorities to show that these acts on the part of Soderberg were a fraud upon the complainant. It is said, however indefensible Soderberg's actions may have been, it is not shown Backstrom has done any wrong. We cannot agree with the counsel in this. We have already seen that Mr. Soderberg deceived Mr. Christian about the taxes having been paid. It appears from the record that Soderberg arranged with Mr. Anderson to buy in the property at the tax sale, and, when Anderson told him he had no money, he was

told by Soderberg that "he [Soderberg] would see to that; that it would be paid." The property was bid off to Anderson. Mr. Christian learned of that fact, and went to Anderson, and told him he had a mortgage upon the property, and wanted to settle with him. He was told by Anderson that, if Mr. Christian had a mortgage upon the property, he would have nothing to do with it. About an hour after this, Mr. Anderson saw Soderberg, and told him about his interview with Christian, and that he would have nothing further to do with the matter, and to cancel the sale. Christian, after seeing Anderson, went to the office of the county treasurer, and asked Soderberg if the land had been sold for taxes, and was told by him it had not been. Soderberg shortly left the office, and, after considerable delay, Christian learned from Mr. Nelson, who was in charge of the books, that the land had been sold to Backstrom. It was claimed that the land had been sold to him during the noon hour of that day. The next day Christian saw Backstrom, and told him what interest he had in the lands, and they had some talk of a settlement. It was agreed that the parties should meet at the office of the county treasurer at 11 o'clock to arrange a settlement. Mr. Christian went to the place of meeting, and waited until 12 o'clock, but Backstrom did not come. He saw Backstrom the next day, and offered him $75, besides Backstrom's investment. "Then he asked me $600 for it. I told him I could not pay that. 'Well,' he said, 'I got a better title than you got.' 'Well,' says I, 'I don't know about that.' He says, 'You go and see Mr. Soderberg, and see what he would do.'" When Mr. Backstrom was a witness, he says he referred Christian to Soderberg, not because Soderberg had any interest in the title, but because Soderberg owed the debt. Mr. Backstrom says he heard on the street that Anderson had bought a piece of property at Lakeside, and that the sale was canceled. When he bought the land, Mr. Nelson, Mrs. Latimer, and Mrs. Nelson were present. He was at the court-house but

a half hour,—perhaps not so long. He was told it was Mr. Soderberg's property. He made the purchase at the noon hour, when he was on his way to dinner. It was the only piece of property he bought at that time, and it was the first time he had bought a piece of land at a tax sale.

Without reciting the testimony further, it is sufficient to say that it is impossible to read the record, and the sequence of events, without coming to the conclusion that Mr. Backstrom and the county treasurer were acting in collusion, and their purpose was to procure the property of Mr. Christian for an inadequate price.

The decree of the court below should be reversed. A decree may be entered in favor of complainant as prayed, he to pay Mr. Backstrom the amount paid by him, with interest. Complainant is given costs of both courts.

The other Justices concurred.